UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THADDEUS BOUDREAUX,

        Plaintiff,

   v.

TIM VIRGA, et al.,

        Defendants.

No. 2:13-cv-2089-LKK-EFB P

ORDER GRANTING IFP AND DISMISSING COMPLAINT WITH LEAVE TO AMEND

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis pauperis pursuant to 28 U.S.C. § 1915.

**I.  Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.  Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

1

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.    Screening Order**

Plaintiff alleges that he appeared before the Institutional Classification Committee (ICC) on May 8, 2013 for a determination of whether or not to retain him in administrative segregation. Plaintiff states that he was misquoted in the ICC report compiled following the meeting. He claims this violated his due process rights. As relief, plaintiff requests that all ICC hearings be

recorded. The court has reviewed plaintiff's complaint pursuant to § 1915A and finds that the allegations are too vague and conclusory to state a cognizable claim for relief. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. *Id.* Because plaintiff fails to state a claim for relief, the complaint must be dismissed.

It is not enough for plaintiff to simply allege that he was misquoted. He must provide context and specific facts showing how that violated a federally protect right. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Furthermore, an individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*

To state a claim for violation of the right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). State regulations may create a liberty interest in avoiding restrictive conditions of confinement if those conditions "present a dramatic departure from the basic conditions of [the inmate's] sentence." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). In the context of a

1    disciplinary proceeding where a liberty interest is at stake, due process requires that "some
2    evidence" support the disciplinary decision. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).
3    The inmate must also receive: "(1) advance written notice of the disciplinary charges; (2) an
4    opportunity, when consistent with institutional safety and correctional goals, to call witnesses and
5    present documentary evidence in his defense; and (3) a written statement by the factfinder of the
6    evidence relied on and the reasons for the disciplinary action." *Id.* at 454 (citing *Wolff v.*
7    *McDonnell*, 418 U.S. 539, 563-67 (1974). Plaintiff's allegations do not give rise to a federal
8    claim because maintenance of an inaccurate record, without more, is not sufficient to state a claim
9    of constitutional injury under the Due Process Clause. *See Paul v. Davis*, 424 U.S. 693, 711-12
10   (1976).

11         Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a
12   cognizable legal theory against a proper defendant and sufficient facts in support of that
13   cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)
14   (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in
15   their complaints). Should plaintiff choose to file an amended complaint, the amended complaint
16   shall clearly set forth the claims and allegations against each defendant. Any amended complaint
17   must cure the deficiencies identified above and also adhere to the following requirements:

18         Any amended complaint must identify as a defendant only persons who personally
19   participated in a substantial way in depriving him of a federal constitutional right. *Johnson v.*
20   *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a
21   constitutional right if he does an act, participates in another's act or omits to perform an act he is
22   legally required to do that causes the alleged deprivation). It must also contain a caption
23   including the names of all defendants. Fed. R. Civ. P. 10(a).

24         Any amended complaint must be written or typed so that it so that it is complete in itself
25   without reference to any earlier filed complaint. L.R. 220. This is because an amended
26   complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
27   earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114
28   F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

4

being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 7) is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in dismissal of this action for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: June 25, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE